**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| PATRICK ORLANDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2024-0264-CDW |
| | ) | |
| DIGITAL WORLD | ) | |
| ACQUISITION CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S NOTICE OF EXCEPTION TO MAGISTRATE'S ORDER RESOLVING PLAINTIFF'S APPLICATION FOR IMPROPERLY DISPUTED FEES AND EXPENSES OR, IN THE ALTERNATIVE, MOTION FOR <u>REARGUMENT AND ENTRY OF A FINAL REPORT</u>**

**WHEREAS:**

A.     On September 24, 2025, the court entered its Order Resolving Plaintiff's Applications for Improperly Disputed Fees and Expenses ("Fee Order").[1]

B.     On September 30, defendant filed a Notice of Exception to the Fee Order or, in the alternative, a Motion for Reargument and Entry of a Final Report ("Motion").[2]

---

[1] Dkt. 51.

[2] Dkt. 52.

C.     On October 6, plaintiff filed his Opposition to the Motion ("Opposition").[3]

D.     On October 8, the parties filed a Stipulated and Proposed Order to implement the court's ruling in the Fee Order ("Implementing Order"), the terms of which include defendant paying the disputed fees and expenses that were the subject of the Fee Order.[4]  The court granted the Implementing Order the same day.[5]

**IT IS ORDERED**, this 30th day of October, 2025, that:

1.     The Motion is **DENIED**.

2.     Defendant contends that the court "misapprehended both the record and the law[.]"[6]  Specifically, defendant asserts that the court erred by "order[ing] advancement of fees for services that led to plaintiff being held in contempt and sanctioned[,]" awarding fees-on-fees, and holding "that this dispute should be raised" in a future indemnification proceeding.[7]

3.     Defendant seeks review of the Fee Order in one of three ways. First, defendant argues the Fee Order is a "Final Report" under Court of

---

[3] Dkt. 53.

[4] Dkt. 55.

[5] *See* Dkt. 56.

[6] Mot. ¶ 9.

[7] Mot. at 2.

Chancery Rule 144 and is immediately reviewable by a Vice Chancellor on exceptions.[8] Alternatively, defendant argues that I should designate the Fee Order as a "partial Final Report," something defendant says is akin to entry of partial final judgment under Court of Chancery Rule 54(b).[9] Finally, defendant argues that I should grant reargument under Rule 59(f) and reverse my ruling because keeping the Fee Order in place will "harm [defendant] and encourage [plaintiff to engage in] bad behavior."[10]

4.    Plaintiff vigorously disputes the Motion, characterizing it as "[m]eritless"[11] and the relief sought as "[p]rocedurally [i]mproper."[12] Plaintiff is correct. To explain why, I first address the procedural defects with defendant's "Notice of Exception." Then I turn to defendant's request for reargument.

---

[8] Mot. at 1.

[9] Mot. at 2, ¶ 3.

[10] Mot. at 2, ¶ 8.

[11] Opp. Heading IV.

[12] *Id.* at Heading III.

**Defendant's Notice of Exception**

5.     Under Court of Chancery Rule 144, all decisions issued by a Magistrate in Chancery are labeled "Reports."[13]   Reports fall into three categories: Draft Reports; Reports; and Final Reports.[14]

6.     A party may only take exceptions to Draft Reports[15] and Final Reports.[16]  A Report can only be a Draft Report if it explicitly designated as such by the issuing Magistrate.[17] A Final Report is "[a] Report that concludes a referred action or dispute[.]"[18]

7.     The Fee Order is a Report, not a Draft Report or a Final Report. Neither party disputes this.[19]  This action is currently in the *Fitracks* stage of an advancement and indemnification dispute.[20]  The *Fitracks* stage references

---

[13] *See* Ct. Ch. R. 144(b)(1) ("Any ruling, order, or decision by a Magistrate in Chancery is a 'Report.'").

[14] Ct. Ch. R. 144(b)(1).

[15] Ct. Ch. R. 144(c)(1).

[16] Ct. Ch. R. 144(c)(2).

[17] *See* Ct. Ch. R. 144(b)(3).  A Draft Report is, in essence, a Magistrate giving the parties an opportunity to review and challenge proposed findings of facts and conclusions of law before the Magistrate finalizes the ruling.

[18] Ct. Ch. R. 144(b)(2).

[19] *See* Mot. at 2 ("[T]he Order constitutes a Report that is not currently reviewable"); Opp. ¶ 14.

[20] *Compare* Advancement Order, Dkt. 10, *with Danenberg v. Fitracks, Inc.*, ("*Fitracks II*") 58 A.3d 991, 1001–03 (Del. Ch. 2012).  *See also* Dkt. 28 (modifying the Advancement Order to clarify what information plaintiff may redact in his invoices to defendant).

the procedures for resolving disputes between the parties after the court determined a plaintiff is entitled to advancement, but before the underlying proceedings for which advancement and indemnification are sought reach their final disposition.[21]

8. Because the Florida litigation has not been resolved with finality, and there will be further proceedings in this case,[22] the Fee Order is not a Final Report to which defendant may take exceptions. And as to defendant's alternative proposal that I treat the Fee Order as a "partial Final Report" akin to entry of partial final judgment under Rule 54(b),[23] there is no mechanism in the Court of Chancery Rules that permits this, so I reject it.[24]

---

[21] *See Fitracks II*, 58 A.3d at 1001 (section titled "Procedures for Future Requests"). *See also, e.g.*, *White v. Curo TX Hldgs., LLC*, 2017 WL 1369332, at *3–4 (Del. Ch. Feb. 21, 2017) (referring to an implementing advancement order as "*Fitracks* Procedures"); *Sun-Times Media Gp., Inc. v. Black*, 954 A.2d 380, 389–406 (Del. Ch. 2008) (discussing the duration of advancement rights).

[22] The Fee Order did not even finally resolve all of the parties' current dispute, let alone the whole action. *See* Fee Order, Dkt. 51 (declining to resolve the issue of Vedder Price's "administrative rate" without prejudice).

[23] *See* Mot. ¶ 3.

[24] The only authority defendant offers for this proposition is a misquotation of the comments to revised Court of Chancery Rule 144. *Contrast* Mot. ¶ 3 ("conclude[d] a . . . dispute") (citing Ct. Ch. R. 144 Nov. 14, 2024 amend., Cmts.), *with In re Amendments to Rules 143 and 144 of the Court of Chancery Rules*, https://courts.delaware.gov/forms/download.aspx?id=269108, at 7 ("concludes a referred action or dispute"). "Referred" modifies both "action" and "dispute" here, and a "referred dispute" occurs when the Chancellor "assign[s] a specific dispute within a civil action to a Magistrate in Chancery." *See* Ct. Ch. R. 144(a)(2). If, instead, the Chancellor assigns the entire case—as happened here, *see* Dkt. 38—that is a "Referred Action" and falls under Rule 144(a)(1). Rule 144 does not allow me

9. The court thus denies defendant's "Notice of Exception" as procedurally defective.

**Defendant's Motion for Reargument**

10. Alternatively, defendant asks me to treat the Motion as a request for reargument under Rule 59(f).[25]

11. "On a motion for reargument, the movant bears a heavy burden."[26] "To succeed and 'obtain reargument, the moving party must demonstrate that the [c]ourt's decision was predicated upon a misunderstanding of a material fact or a misapplication of the law.'"[27]

12. A motion for reargument is not a mechanism to relitigate claims already considered by the court, "or [to] offer a forum for disgruntled litigants to recast their losing arguments with new rhetoric."[28] "[R]elief under Rule 59

---

to certify a ruling on a single "dispute" within a Referred Action as a "Final Report" if that ruling is not my final ruling for the entire case.

[25] Mot. ¶ 1; Ct. Ch. R. 59(f).

[26] *Hall v. Mundy*, 2025 WL 763420, at *1 (Del. Ch. Mar. 11, 2025) (quoting *Biocomposites GmbH v. Artoss, Inc.*, 2024 WL 2151937, at *1 (Del. Ch. May 14, 2024)).

[27] *E.g.*, *Fisk Ventures, LLC v. Segal*, 2008 WL 2721743, at *1 (Del. Ch. July 3, 2008) (quoting *Forsythe v. ESC Fund Mgmt. Co. (U.S.), Inc.*, 2007 WL 3262205, at *1 (Del. Ch. Oct. 31, 2007)).

[28] *Id.* (quoting *Am. Legacy Found. v. Lorillard Tobacco Co.*, 892 A.2d 874, 887 n.15 (Del. Ch. 2005) and citing *Sutherland v. Sutherland*, 968 A.2d 1027, 1028 (Del. Ch. 2008)).

'is available to prevent injustice[,]'"[29] so the misapprehension must be "such that the outcome of the decision would be affected."[30]

13.     Under these authorities, the Motion fails.

14.     First, the Motion fails to identify any material facts that the court misapprehended. Defendant's argument here is that I supposedly "overlooked the fact that DWAC attached all of the relevant motions, transcripts, and orders from the Florida court"[31] that held plaintiff in contempt and sanctioned him. Not so. I was well aware of what defendant submitted in support of its opposition to plaintiff's application when I decided the Fee Order,[32] and the parties discussed the contents of that submission during oral argument.[33] Crucially, those papers and the argument made clear what I noted in the Fee Order—the Florida court declined to find that plaintiff had acted in bad faith.[34]

15.     Second, the Motion fails to identify governing law that I misapplied. According to defendant, I misapprehended applicable law

---

[29] *Fisk Ventures*, 2008 WL 2721743, at *1 (quoting *Sutherland*, 968 A.2d at 1028).

[30] *Khalid v. Musk*, 2025 WL 2253498, at *1 (Del. Ch. Aug. 7, 2025) (quoting *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at *1 (Del. Ch. Mar. 4, 2010), *aff'd*, 7 A.3d 485 (TABLE)).

[31] Mot. ¶ 2.

[32] *See* Fee Order ¶ 5 n.28.

[33] Dkt. 50 at 16–19, 43–46.

[34] Fee Order ¶¶ 9, 13.

because I applied a standard of "bad faith" in the Fee Order instead of one of reasonableness.[35] This, too, is incorrect. Nowhere did I hold that conduct in an underlying proceeding must be in bad faith before it is unreasonable—the paragraphs of the Fee Order cited by defendant simply do not say that.[36] Rather, I grounded my ruling on the governing standard for reasonableness objections in advancement proceedings—clear abuse—and held, as plaintiff notes in his opposition, that defendant had not met that standard.[37]

16. Defendant has made three different arguments over the course of this *Fitracks* dispute for why plaintiff's fee applications should be denied, each of which fails.

    a. During the parties' meet-and-confer pursuant to the *Fitracks* order, defendant argued that plaintiff's fees were unreasonable because those fees were incurred for activity the Florida Court found was undertaken in bad faith.[38] Defendant did not meet the clear abuse

---

[35] Mot. ¶ 5. Defendant cites no authority to support its contention. *See id.*

[36] *Compare* Mot. ¶ 5, *with* Fee Order ¶¶ 13–15. Indeed, in a footnote ignored by defendant, I declined to express a view on whether conduct undertaken in bad faith in a covered proceeding constitutes clear abuse and is thus unreasonable, because it was not necessary for me to do so in order to resolve plaintiff's fee applications. *See* Fee Order ¶ 7 n.31.

[37] *See* Fee Order ¶¶ 7, 12–15; Opp. ¶¶ 29–31.

[38] *See* Dkt. 45 ¶¶ 9–11; Dkt. 34 ¶¶ 12–16 (arguing that fees to "correct those bad-faith actions should not be advanceable.").

standard for showing unreasonableness here because defendant's premise failed: the Florida Court did not find bad faith. The court did not misapply any law here.

b. Then, during oral argument, defendant advanced a new argument: plaintiff's fees are unreasonable because those fees were incurred for activity for which the Florida Court sanctioned plaintiff, and sanctioned conduct is never advanceable.[39] I could have rejected that argument as untimely,[40] but I elected to address it in the Fee Order and I rejected it on its merits.[41] Defendant does not identify any law that I failed to apply correctly on this point—it simply does not agree with my conclusion, but that is not enough under Rule 59(f).[42]

c. Finally, in the Motion, defendant offers yet another argument: I committed legal error by failing to make individualized

---

[39] *See* Dkt. 50 at 41:23–42:1 ("[F]ees for sanctionable conduct are, as a matter of law, presumptively unreasonable."). Defendant maintains the argument in the Motion. *See* Mot. ¶ 5 ("The specific conduct here by Plaintiff was found to be contemptuous and sanctionable, and it is therefore unreasonable as a matter of Delaware law.").

[40] Under the governing *Fitracks* order, when a fee dispute requires court intervention, "[t]he parties shall not raise any new arguments not previously raised with the other side in the applicable demand, response, reply, or meet-and-confer." Dkt. 10 ¶ 6.

[41] Fee Order ¶¶ 13–15.

[42] *In re Transperfect Global, Inc.*, 2012 WL 2030094, at *1 (Del. Ch. May 21, 2021) ("Mere disagreement with the court's resolution of a matter is not sufficient.").

determinations whether each activity in the underlying proceeding leading to the Florida Court's sanctions was advanceable.[43]  Even were this new argument something I could consider on a motion for reargument,[44] it would fail.  As plaintiff correctly observes, defendant offers no basis for the court to make those individualized determinations, other than bad faith, which the Florida Court did not find.[45]  And the Fee Order explains why I do not think Delaware requires me to make these individualized determinations—plaintiff's counsel certified the invoices, defendant did not establish that the certifications were made in bad faith or were clearly abusive, and our law generally "counsel[s] deferring fights about details until a final indemnification proceeding."[46]

---

[43] Mot. ¶¶ 6–7.  This is a reversal of the position defendant took in its opposition to the fee applications, where it stated it was "not ask[ing] the Court to examine each time entry."  *See* Dkt. 34 ¶ 10.

[44] *Khalid v. Musk*, 2025 WL 2253498, at *1 (Del. Ch. Aug. 7, 2025) (quoting *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at *1 (Del. Ch. Mar. 4, 2010), *aff'd*, 7 A.3d 485 (TABLE)).  New arguments are also not permitted under the *Fitracks* order in this case.  *See* Dkt. 10 ¶ 6.

[45] Opp. ¶ 30.

[46] *See, e.g.*, Fee Order ¶¶ 6 (citing authorities), 13.

– 10 –

17. Defendant has not met the "heavy burden" to succeed on a Rule 59(f) motion. Therefore, I deny the Motion on this basis as well.

/s/ *Christian Douglas Wright*
Magistrate in Chancery
